IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VANDA PHARMACEUTICALS, ET AL. ) ) Plaintiffs, ) ) v. ) ) ROXANE LABORATORIES, INC., ) ) Defendant. ) | Civil Action No. 13-1973-GMS Civil Action No. 14-757-GMS |

## ORDER

At Wilmington, this __30th__ day of December 2015, having considered the defendant's letter of request to file a motion for summary judgment asserting invalidity of claims 1-9, 11-13, and 16 of United States Patent No. 8,586,610 (the "'610 patent") for lack of patentable subject matter under 35 U.S.C. § 101 (D.I. 133), and Vanda's response thereto (D.I. 140);

IT IS HEREBY ORDERED that the letter request to file a motion for summary judgment (D.I. 132) is DENIED. There are disputes of material facts which raise genuine issues for trial.[1]

---

[1] The court finds, based on its review of the parties' submissions and the cited record, that material facts remain in dispute as to Roxane's claim of invalidity under 35 U.S.C. § 101. In order to meet the standard for summary judgment, Roxane must establish the absence of a genuine dispute of material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Patentability under Section 101 is a question of law based on underlying facts. *In re Cominskey*, 554 F.3d 967, 975 (Fed. Cir. 2009). Roxane argues that the asserted claims of the '610 are patent ineligible because they do nothing more than combine a law of nature with routine and conventional steps. *See Mayo Collaborative Services v. Prometheus Laboratories, Inc.*, 132 S. Ct. 1289, 1294 (2012). (D.I. 133 at 2.) Vanda disputes (1) that there is a law of nature here, (2) that the steps are routine and conventional, and (3) that these claims are analogous to those at issue in *Mayo*. (D.I. 140 at 1). Vanda will offer expert testimony in support of each of these assertions. *Id.* at 5. Moreover, Vanda points out that the PTO explicitly considered the '610 patent in light of *Mayo* and upheld the patentability of the claims. *Id.* at 1. Thus, the court concludes that these issues of material fact are properly determined at trial.

1

_____
UNITED STATES DISTRICT JUDGE